# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Andres Martinez-Bujanda,<br><br>Petitioner,<br><br>v.<br><br>Loretta Lynch, et al.,<br><br>Respondents. | No. CV-16-00075-PHX-JJT (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Jesus Andres Martinez-Bujanda's ("Petitioner") "Motion to Dismiss Writ of Habeas Corpus as Moot" (Doc. 44). For the reasons explained herein, the undersigned recommends that the Court grant the Motion (Doc. 44).

Petitioner is a native citizen of Mexico. (Doc. 24-1 at 3). In 1976, Petitioner entered the United States without inspection. (*Id.* at 6). In 1992, following a second degree murder conviction, a California state court sentenced Petitioner to life without the possibility of parole.[1] (*Id.* at 8).

On April 3, 2012, Immigration and Customs Enforcement ("ICE") took custody of Petitioner after he was released from state prison. (*Id.* at 13). ICE initiated removal

---

[1] Respondents have provided a copy of an unsigned verdict form indicating that Petitioner was charged with first degree murder. (Doc. 24-1 at 10).

proceedings against Petitioner pursuant to Sections 212(a)(2)(A)(i)(l) and 212(a)(6)(A)(i) of the Immigration and Nationality Act.[2] (Doc. 24-1 at 13-15). Petitioner's removal proceedings remain pending. (Doc. 43 at 1).

In his Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Amended Petition") (Doc. 17), Petitioner raises five claims challenging an Immigration Judge's decision to deny Petitioner's requested release on bond pending the completion of Petitioner's removal proceedings. On April 12, 2017, Respondents filed a "Notice to the Court and Suggestion of Mootness" (Doc. 43). The Notice indicates that following a custody redetermination hearing, an Immigration Judge ordered that Petitioner be released from custody under a $20,000.00 bond. (Doc. 43-1 at 13). On April 7, 2017, Petitioner posted the bond and was released from custody. (*Id.* at 3-6, 7-11). Petitioner is subject to a number of conditions of release. (*Id.* at 7-11). In his April 19, 2017 Motion to Dismiss (Doc. 44 at 2), Petitioner states that "Petitioner has now been released from ICE's custody, it is further requested that this Petition for Writ of Habeas Corpus be dismissed as moot by this Honorable District Court and Judge."

In light of the evidence indicating that Petitioner has been released as requested in the Amended Petition (Doc. 17), the undersigned finds that there is no further relief that the Court can provide and the case is moot. *See Ex parte Medley*, 134 U.S. 160, 173 (1890) ("[U]nder the writ of *habeas corpus* [courts] cannot do anything else than discharge the prisoner from the wrongful confinement . . . ."); *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (holding that petition for habeas corpus seeking release from allegedly unlawful, indefinite detention was moot where the government paroled the petitioner); *see also Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that

---

[2] These provisions are codified at 8 U.S.C. §§ 1227(a)(2)(A)(i)(I) and 1227(a)(2)(A)(iii). 8 U.S.C. § 1227(a)(2)(A)(i)(I) provides that "[a]ny alien who is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission" is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

habeas petition was moot where petitioner's deportation "cur[ed] his complaints about the length of his INS detention"); *Kittel v. Thomas*, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed). Therefore,

**IT IS RECOMMENDED** that the Court grant Petitioner's "Motion to Dismiss Writ of Habeas Corpus as Moot" (Doc. 44).

**IT IS FURTHER RECOMMENDED** that the Amended Petition (Doc. 17) be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 24th day of April, 2017.

_____
Eileen S. Willett
United States Magistrate Judge